THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN MARTÍNEZ SERRANO, Defendant and Appellant.

No. 12406. Argued November 6, 1947.—Decided December 4, 1947.

*Benigno Dávila* for appellant. *Luis Negrón Fernández, Attorney General, J. Rivera Barreras, Prosecuting Attorney,* and *Alberto Picó Santiago, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Juan Martínez Serrano was convicted by the District Court of Bayamón on a charge of failure to register a firearm and sentenced to pay a fine of $75 and, in default thereof, to be confined in jail one day for each dollar left unpaid. See Act No. 14 of July 8, 1936, Third Special Session, p. 128, as amended by Act No. 95 of May 12, 1937, p. 239, and No. 78 of May 5, 1942, p. 614. From that judgment he appealed to this Court, and in the brief filed by him in support of his appeal, he has assigned five errors, which we will discuss in the same order in which they have been stated.

The defendant first contends that the lower court erred in prosecuting and sentencing Cruz Rodríguez Molina, a witness for the prosecution, for contempt for perjury. It is not necessary to consider this assignment. From the record it appears that while this witness testified the court reached the conclusion that he failed to state the truth regarding essential facts. For that reason it entered an order decreeing his arrest and ordering him to appear three days later to show cause why he should not be punished for contempt.[1] On the day set Cruz Rodríguez Molina appeared accompanied by his attorney, and pleaded guilty to the crime charged, the court sentencing him to pay a fine of $30. Although this incident arose within the prosecution for a violation of the Registration of Firearms Act, instituted against the appellant herein, said incident appears to be an

[1] See Act No. 41 of March 9, 1911 (p. 135).

806

entirely separate case foreign to, and independent of, the one now before us. *People* v. *Corretjer*, 58 P.R.R. 43, 50. And if Rodríguez Molina felt aggrieved by the judgment rendered, he could easily have resorted to the appeal granted by the Act. *People* v. *Aquino*, 33 P.R.R. 247.[2]

■ The appellant next urges that the district court erred "in weighing the evidence and adjudging the defendant guilty of violating the Registration of Firearms Act, when from the evidence itself it clearly appears that he was justified in not registering the firearm, inasmuch as said firearm had to be registered in the district where the defendant resided, that is, in Corozal, and that he acquired it on the same day he was prosecuted, outside that district, and he did not reach Corozal until 1:30 or 2 o'clock on a Saturday afternoon at a time when the authorities and officers of The People of Puerto Rico were not available; and if he failed to register the firearm this was due to the fact that the officers did not register it, and not to any failure on the part of the appellant to take steps to register it."

The contention of the appellant is that, on the morning of the day mentioned in the information, he was in Isla Verde (Carolina) and there acquired a pistol, returning to his house in Corozal, where he arrived shortly after midday; that immediately his mother started to prepare lunch for him, and that meanwhile he went to the yard of his house in order to test the weapon and that while he was there the pistol went off and the shot accidentally wounded Margarita Rivera; and that he did not register the weapon because he practically had no time therefor.[3] His contention is there-

---

[2] In his argument under this assignment the appellant himself said: "We are not sure whether this incident should be discussed, since it does not affect in any way the proceedings taken in the lower court, or in this Hon. Court . . ."

[3] Martínez Serrano was also charged with assault and battery and with carrying a weapon. The first offense was compromised in accordance with § 446 of the Code of Criminal Procedure, and the District Court of Bayamón acquitted him on the second charge.

fore that his possession of the weapon was accidental and hence he should not be punished. Cf. *People* v. *Lugo,* 59 P.R.R. 33.

Undoubtedly the evidence for the prosecution not only conflicted with that for the defense but also was contradictory in itself. Let us see: From the sworn statement subscribed by the defendant before Consuelo Rodríguez, Justice of the Peace of Corozal, it appears that when defendant was accused several days had elapsed since he had *bought,* from a person whom he did not know in Isla Verde, the pistol in question. Also, that while the defendant was in the abovementioned place he found a friend of his, whose name he does not remember; that said friend told him that "he was somewhat penniless" and that he had no money to go to Ponce but that he had a pistol that he could leave with him; that he gave him $5 and since this was a *pawn* made by his friend, the defendant took it to his home. However, from the testimony of the Justice of the Peace, before whom the written statement, signed by the appellant on the day of his arrest, was made, it is inferred that he told that magistrate, at the time of making the statement, that he had acquired the weapon on that same day. Yet, Andrés Ramos Fernández, Chief of the Insular Police, who was the person who typed the sworn statement given by Martínez Serrano on the day of his arrest, does not corroborate the testimony of Consuelo Rodríguez to the effect that the defendant had said that he bought the weapon on that same day, and insists that the defendant Martínez Serrano had not stated anything regarding the registration of the weapon. In any event, the lower court weighed the evidence introduced before it, and as it has not been shown that in so doing it acted under the influence of passion, prejudice, or partiality, we should not disturb its findings. *People* v. *Santos, ante* p. 610; *People* v. *Soto,* 61 P.R.R. 497; and *People* v. *Rivera,* 58 P.R.R. 183.

Furthermore, the defendant frankly admitted being in possession of the pistol without registering it, and we have

decided that when there is a *prima facie* showing of possession of an unregistered firearm, the judgment should not be reversed, especially if the evidence for the defendant has not been accorded credit by the court *a quo*. *People* v. *Soto, supra; People* v. *Haddock,* 57 P.R.R. 906, and *People* v. *Villarrubia,* 54 P.R.R. 329.

■ As a third assignment the appellant urges that the lower court erred in unconditionally admitting the sworn statement made by the appellant before the Justice of the Peace of Corozal "when from the evidence itself it appears that said sworn statement or confession is or was not a faithful and exact recital of what the defendant actually deposed before the Justice of the Peace of Corozal." The record of the case shows that the sworn statement was not a literal transcription of what the defendant stated to the Justice of the Peace. But the latter stated that she did not set forth in the statement anything that the defendant had not told her; that the statement was read out to the defendant, in spite of the fact that he knows how to read; that he agreed with its contents and afterwards signed it.

The defendant did not object to the admission of the written statement in evidence. On the contrary, he stated that he did not object to its admission, but that it should be admitted conditionally, and that it was not a correct recital of what had been stated before the Justice of the Peace. We really do not know what was the condition referred to; but for a sworn statement to be admissible in evidence, it is not essential that the same be a verbatim copy of what was said by the accused. It is enough if it contains the essential declarations of the witness and has been voluntarily given. *People* v. *Lebrón,* 61 P.R.R. 634, 649.

■ The fourth assignment of error may be treated as the sequel of the second. The defendant now maintains that the lower court erred in failing to give him the benefit of a reasonable doubt, since from the evidence it clearly appears

that there was such a doubt as to the residence of the defendant, whether it was San Juan or Corozal.

This assignment also relates to the weighing of the evidence, and what we stated in connection with the second assignment is applicable to the one now discussed. Moreover, it should be noted that Consuelo Rodríguez and Margarita Rivera testified that the defendant resided in the ward of Palmarejo, Corozal, and that he repeatedly stated that that was his residence. (See pp. 15, 22, and 25 of the Transcript of Evidence.) Under such circumstances, we do not see how the court could have any doubt as to appellant's residence.

Lastly, the defendant urges that the lower court erred in punishing him under an unconstitutional statute. In his argument under this assignment, the appellant attacks the validity of § 10 of Act No. 14 of 1936, because, in his judgment, that enactment is uncertain and indefinite. Said Section, as amended by Act No. 78 of 1942, *supra,* provides in its pertinent part that "The violation of the provisions of this Act shall be considered as a misdemeanor . . ." Indeed, we fail to see how a provision of this sort can be considered unconstitutional. The main argument adduced, to the effect that a reasonable term for the registration of a recently acquired firearm should have been granted, has been fully answered by this Court in connection with the attacks made upon the constitutionality of § 7 of that same Act. *People* v. *Sánchez,* 55 P.R.R. 908 and *People* v. *Avilés,* 54 P.R.R. 257.

Since none of the errors assigned by the appellant has been committed, the judgment appealed from should be affirmed.